ROBERT C. SCHUBERT (S.B.N. 62684)
(rschubert@sjk.law)
NOAH M. SCHUBERT (S.B.N. 278696)
(nschubert@sjk.law)
ALEXANDRA K. GREEN (S.B.N. 333271)
(agreen@sjk.law)
**SCHUBERT JONCKHEER & KOLBE LLP**
Three Embarcadero Center, Suite 1650
San Francisco, California  94111
Telephone:   (415) 788-4220
Facsimile:   (415) 788-0161

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN MILLAM and DONALD SPRINKEL, individually and on behalf of all others situated;<br><br>Plaintiffs,<br><br>v.<br><br>ENERGIZER HOLDINGS, INC. and ENERGIZER BRANDS, LLC,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**Class Action Complaint**

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Upon personal knowledge as to their own acts, and based upon their investigation, the investigation of counsel, and information and belief as to all other matters, Plaintiffs Darren Millam and Donald Sprinkel, on behalf of themselves and all others similarly situated, allege as follows:

## INTRODUCTION

1. This is a class action brought on behalf of persons who purchased Energizer's AA MAX batteries in the State of California.

2. Defendant Energizer Holdings, Inc. ("Energizer Holdings") is a global diversified household products leader in batteries and one of the world's largest manufacturers, marketers, and distributors of household and specialty batteries. Defendant Energizer Brands, LLC ("Energizer Brands") develops, manufactures, markets, and sells batteries in the United States and worldwide. Energizer Holdings and Energizer Brands are collectively referred to herein as "Energizer."

3. As alleged herein, Energizer has made the false and misleading claim that its AA MAX batteries are "UP TO **50%** LONGER LASTING THAN BASIC AKALINE IN DEMANDING DEVICES" (the "50% Longer Lasting Claim"). Energizer's advertisements, marketing representations, and labeling of the AA MAX batteries are misleading, untrue, and likely to deceive reasonable consumers. Energizer designs its packaging to mislead consumers into thinking that Energizer's AA MAX batteries have superior longevity (*i.e.*, battery life).

4. These claims are false and deceptive attempts by Energizer to confuse and mislead consumers about the comparative benefits of Energizer's AA MAX batteries relative to other alkaline batteries.

5. Plaintiffs herein seek relief under the laws of California.

## PARTIES

6. At all relevant times, Plaintiff Millam has resided in Indio, California and purchased the Energizer AA MAX batteries from Walmart stores near his residence. Plaintiff Millam purchased at least five packages of the AA MAX batteries since

Class Action Complaint                                        1

approximately July 2020. In deciding to purchase the AA MAX batteries, Plaintiff Millam saw and relied upon the packaging of the AA MAX batteries. Specifically, Plaintiff Millam relied on the statement on the AA MAX's packaging: "UP TO **50%** LONGER LASTING THAN BASIC AKALINE IN DEMANDING DEVICES." Energizer's packaging was material to Plaintiff Millam. Plaintiff Millam purchased the AA MAX batteries because he believed that the batteries had comparative benefits, including a longer battery life, relative to Energizer's competitors based on the packaging of the AA MAX batteries. Plaintiff Millam purchased and paid substantially more for the AA MAX batteries than he would have if he had known the truth about the AA MAX batteries. Plaintiff Milam has suffered actual damages in the form of his overpayment for the AA MAX batteries, which he purchased as a result of Energizer's misrepresentations. Energizer did not inform Plaintiff Millam of the true composition of the AA MAX batteries. Had Plaintiff Millam known that the AA MAX batteries were no different than other Energizer batteries or of Energizer's competitors, he would either not have purchased the AA MAX batteries or would have paid substantially less for it. At present, Plaintiff Millam has concerns about purchasing the AA MAX batteries for himself as he remains unsure as to whether the packaging of the AA MAX batteries is, and will continue to be, false and misleading. In the future, Plaintiff Millam would be willing to pay a premium for the Energizer AA MAX batteries if the AA MAX batteries were in fact longer lasting than competing batteries.

7.      At all relevant times, Plaintiff Sprinkel has resided in Hemet, California and purchased the Energizer AA MAX batteries from Walmart and CVS Pharmacy stores near his residence. Plaintiff Sprinkel has purchased at least five packages of the AA MAX batteries since approximately July 2020. In deciding to purchase the AA MAX batteries, Plaintiff Sprinkel saw and relied upon the packaging of the AA MAX batteries. Specifically, Plaintiff Sprinkel relied on the statement on the AA MAX's packaging: "UP TO **50%** LONGER LASTING THAN BASIC AKALINE IN

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

DEMANDING DEVICES." Energizer's packaging was material to Plaintiff Sprinkel. Plaintiff Sprinkel purchased the AA MAX batteries because he believed that the batteries had comparative benefits, including a longer battery life, relative to Energizer's competitors based on the packaging of the AA MAX batteries. Plaintiff Sprinkel purchased and paid substantially more for the AA MAX batteries than he would have if he had known the truth about the AA MAX batteries. Plaintiff Sprinkel has suffered actual damages in the form of his overpayment for the AA MAX batteries, which he purchased as a result of Energizer's misrepresentations. Energizer did not inform Plaintiff Sprinkel of the true composition of the AA MAX batteries. Had Plaintiff Sprinkel known that the AA MAX batteries were no different than other Energizer batteries or of Energizer's competitors, he would either not have purchased the AA MAX batteries or would have paid substantially less for them. At present, Plaintiff Sprinkel has concerns about purchasing the AA MAX batteries for himself as he remains unsure as to whether the packaging of the AA MAX batteries is, and will continue to be, false and misleading. In the future, Plaintiff Sprinkel would be willing to pay a premium for the Energizer AA MAX batteries if the AA MAX batteries were in fact longer lasting than competing batteries.

8.     Defendant Energizer Holdings is a Missouri corporation with its principal place of business at 533 Maryville University Drive, St. Louis, Missouri 63141. Energizer Holdings is a global diversified household products leader in batteries and one of the world's largest manufacturers, marketers and distributors of household and specialty batteries. Energizer Holdings is the parent company of Energizer Brands.

9.     Defendant Energizer Brands is a Delaware corporation with its principal place of business at 533 Maryville University Drive, St. Louis, Missouri 63141. Energizer Brands develops, manufacturers, markets, and sells batteries in the United States and worldwide. Energizer Brands is a subsidiary of Energizer Holdings.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**Class Action Complaint**                                              **3**

**JURISDICTION AND VENUE**

10.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because at least one class member is a citizen of a state other than that of Energizer, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

11.     This Court has personal jurisdiction over Energizer pursuant to 18 U.S.C. § 1965(a) because Energizer was engaged in the manufacturing, labeling, packaging, marketing, and sale of the AA MAX batteries in the State of California.

12.     This Court has personal jurisdiction over the Plaintiffs because Plaintiff submits to the Court's jurisdiction.

13.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the violations of law occurred in this District. This includes the transaction at issue—Plaintiffs' purchases of the AA MAX batteries.

**FACTUAL ALLEGATIONS**

14.     Energizer manufactures, distributes, and sells the AA MAX batteries at issue herein.

15.     Around July and August of 2020, Energizer began a new advertising campaign in which it began marketing that its AA MAX batteries are "UP TO **50%** LONGER LASTING THAN BASIC AKALINE IN DEMANDING DEVICES." As shown below, Energizer's 50% Longer Lasting Claim is prominently displayed in font that is much larger than its surrounding disclaimers. For instance, the "50%" claim is bolded and nearly five times the size of the barely legible disclaimer comparing AA MAX batteries to "basic alkaline in demanding devices." It is over three times the size of the limiting phrase "up to" (which introduces the claim). It is wide enough that the

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1    three characters comprising "50%" take up the same amount of space as the entire

2    statements "THAN BASIC AKALINE" and "IN DEMANDING DEVICES."




17       16.     As depicted below, in addition to appearing on the product packaging,

18   Energizer's new 50% Longer Lasting claim appears on prominent in-store advertising

19   and in other advertising materials.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

3
4
5
6
7
8
9
10
11
12
13
14
15
16
20
21
22
23
24
25
26
27
28

**Class Action Complaint**                                          **5**





SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

17.     Energizer has been engaging in the unfair, unlawful, and deceptive practice of manufacturing, marketing, and selling its AA MAX batteries, such that consumers believe they are purchasing AA MAX batteries with a longer battery life.

18.     Specifically, Energizer misleads consumers by prominently displaying "UP TO **50%** LONGER LASTING THAN BASIC AKALINE IN DEMANDING DEVICES" in distinctive capitalized and bold letting. Due to the inclusion of the 50% Longer Lasting Claim, reasonable consumers believe they are purchasing a superior product with a longer battery life.

19.     Notably, the term "basic alkaline" is not defined anywhere on the Energizer AA MAX packaging. This term is so broad that it encompasses all non-specialized, all-purpose alkaline batteries in the marketplace.

20.     Consumers understand "basic alkaline" to refer to most, if not all, alkaline batteries.

21.     Energizer's 50% Longer Lasting Claim misleads consumers, including Plaintiffs, to believe that Energizer AA MAX batteries last up to 50% longer than most, if not all alkaline batteries in most, if not all, devices. That is false, since Energizer AA MAX batteries are not "UP TO **50%** LONGER LASTING" than other competing batteries, including, for example, Duracell Coppertop batteries.

22.     The term "demanding devices" is also not defined anywhere on the AA MAX packaging, and does not have a standard meaning, and so consumers will understand that term to include a broad range of devices.

23.     However, Energizer AA MAX batteries are not even close to 50% longer lasting than other competing batteries, like Duracell Coppertop batteries. On information and belief, competing batteries like Duracell Coppertop batteries last longer than Energizer AA MAX batteries across several American National Standards Institute ("ANSI") battery discharge testing standards.

24.     By representing that Energizer AA MAX batteries last 50% longer, Energizer deceives consumers into believing they are purchasing a battery that is

**Class Action Complaint**                                                      **7**

longer lasting in "demanding devices" than other comparable batteries, like Duracell Coppertop batteries.

25.     Additionally, several customers have complained about the battery life of the AA MAX batteries at issue herein. For instance, on February 24, 2021, a consumer stated:

> These batteries don't last anywhere near as long as Duracell batteries do. I'm very disappointed in them.[1]

26.     On February 8, 2021, another consumer commented:

> I am not sure if I just got a bad pack, or if this product has poor quality life. Every time I put some of these in an item, it is dead way too soon![2]

27.     Then, on April 10, 2021, another purchaser noted that he was disappointed in his purchase of the AA MAX batteries and stated:

> Do not last long. I will never buy this brand again[3]

28.     Earlier, on December 20, 2020, a consumer also explained that these batteries do not have superior longevity:

> Brand new batteries...tested just fine lasted three days in my fairy lights. Same strand lasted two months last year and year before. I will never again buy any more energizer. I have wasted so much money using energizer this year on my lights. Switching to duracell.[4]

29.     Similarly, another consumer stated the following on December 1, 2020:

> Have battery operated led light strings that are on for 6 hours and off for 18 hours in Christmas wreaths. Duracell batteries lasted whole season last year, and I thought I would "upgrade" this year to these batteries, barely lasted 2 weeks.[5]

---

[1]https://www.walmart.com/reviews/product/537457013?rating=1.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**Class Action Complaint**                                                    **8**

30.     Energizer understands that these misrepresentations and omissions would be important to a reasonable consumer in deciding whether to purchase the AA MAX batteries rather than competing products.

31.     In fact, Energizer brought claims against Duracell Coppertop batteries for similar claims. *See Energizer Brands, LLC v. Duracell U.S. Operations, Inc.*, Case No. 1:19-cv-09061 (S.D.N.Y., filed Sept. 30, 2020); *see also Duracell U.S. Operations, Inc. v. Energizer Brands, LLC*, Case No. 1:20-cv-07318 (S.D.N.Y., filed Sept. 8, 2020).

32.     On information and belief, the National Advertising Division ("NAD") of the Better Business Bureau ("BBB") has also previously brought a case against Energizer Holdings relating to similar "performance" and "up to" claims in 2014.

33.     Energizer's deceptive and misleading marketing and packaging of the AA MAX batteries caused consumers, including Plaintiffs, to rely on Energizer's representations that the AA MAX batteries have a longer battery life than competing products. Additionally, consumers, including Plaintiffs, purchased and overpaid for the Energizer AA MAX batteries even though they are not longer lasting.

## CLASS ACTION ALLEGATIONS

34.     Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(a) on behalf of themselves and the proposed Class defined as follows:

> All persons who purchased Energizer AA MAX batteries with the 50% Longer Lasting Claim in the State of California (the "California Class").

35.     Within the California Class, there is one subclass for purposes of Plaintiffs' claims under the Consumer Legal Remedies Act (the "California Subclass"). The proposed California Subclass is defined as follows: all persons who purchased Energizer AA MAX batteries with the 50% Longer Lasting Claim on the packaging in the State of California for personal, family, or household purposes.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**Class Action Complaint**                                                    **9**

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

36.     Excluded from the Class and Subclass are governmental entities, Energizer, any entity in which Energizer has a controlling interest, and Energizer's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class and Subclass are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff. This action is brought and may be properly maintained as a class action pursuant to Federal Rule of Civil Procedures 23(b)(2) and 23(b)(3), and satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

37.     ***Numerosity Under Rule 23(a)(1).***  The Class is so numerous that the individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and the Court. Although the precise number of members of the California Class and California Subclass are unknown to Plaintiffs at this time, on information and belief, the proposed Class and Subclass contains at least thousands of purchasers of the Energizer AA MAX batteries who have been damaged by Energizer's conduct as alleged herein. Discovery will reveal, through Energizer's records, the approximate number of the California Class and California Subclass members.

38.     ***Commonality Under Rule 23(a)(2).***  Common legal and factual questions exist that predominate over any questions affecting only individual members.  These common questions, which do not vary among Class or Subclass members and which may be determined without reference to any Class or Subclass member's individual circumstances, include, but are not limited to:

a)     Whether Energizer AA MAX batteries provide the benefits claimed by Energizer on the labeling, packaging, and/or in the course of marketing;

b)     Whether Energizer's conduct violated the applicable state consumer fraud claims alleged herein;

---

**Class Action Complaint**                                                      **10**

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

c)      Whether Energizer engaged in unfair or deceptive practices in trade or commerce by objectively misleading Plaintiffs and putative Class and Subclass members;

d)      Whether Energizer's representations and omissions in AA MAX advertising are likely to deceive a reasonable consumer;

e)      Whether Energizer's representations and omissions in advertising regarding the AA MAX batteries are material to a reasonable consumer;

f)      Whether Energizer knew or should have known that Energizer AA MAX batteries do not last up to 50% longer;

g)      Whether Energizer had knowledge that its representations and omissions in advertising were false, deceptive, and misleading;

h)      Whether Energizer advertised, represented, or marketed, or continues to advertise, represent, or market, that the Energizer AA MAX batteries are up 50% longer lasting;

i)      Whether, as a result of Energizer's omissions and/or misrepresentations of material facts, Plaintiffs and members of the Class and Subclass have suffered an ascertainable loss of monies and/or property and/or value;

j)      Whether Plaintiffs and the Class or Subclass have been damaged by the wrongs alleged herein and are entitled to compensatory or punitive damages; and

k)      Whether Plaintiffs and the Class or Subclass are entitled to injunctive or other equitable relief, including restitution.

39.      ***Typicality Under Rule 23(a)(3).***  Plaintiffs' claims are typical of the Class  members' and Subclass members' claims.  Energizer's course of conduct caused Plaintiffs and the Class members and Subclass members the same harm, damages, and losses as a result of Energizer's uniformly unlawful conduct. Likewise, Plaintiffs and other Class members and Subclass members must prove the same facts in order to establish the same claims.

---

**Class Action Complaint**                                                    **11**

40.     ***Adequacy of Representation Under Rule 23(a)(4).***  Plaintiffs are adequate representative of the Class and Subclass because they are members of the Class and Subclass, and their interests do not conflict with the interests of the Class or Subclass. Plaintiffs have retained counsel competent and experienced in complex litigation and consumer protection class action matters such as this action, and Plaintiffs and their counsel intend to vigorously prosecute this action for the Class's and Subclass's benefit and have the resources to do so. Plaintiffs and their counsel have no interests adverse to those of the other members of the Class or Subclass.

41.     ***Superiority.***  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of each Class member's and Subclass member's claim is impracticable.  The damages, harm, and losses suffered by the individual members of the Class and Subclass will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Energizer's wrongful conduct.  Even if each Class member and Subclass member could afford individual litigation, the Court system could not. It would be unduly burdensome if thousands of individual cases proceeded. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those individuals with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the Courts because it requires individual resolution of common legal and factual questions. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

42.     As a result of the foregoing, class treatment is appropriate.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**FIRST CLAIM FOR RELIEF**
**Violations of the California False Advertising Law**
**CAL. BUS. & PROF. CODE § 17500 *et seq.***
*On Behalf of Plaintiffs Millam, Sprinkel, and the California Class*

43.    Plaintiffs Millam and Sprinkel, individually and on behalf of the California Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

44.    Plaintiffs Millam and Sprinkel bring this claim individually and on behalf of the California Class against Energizer.

45.    California's False Advertising Law prohibits any statement in connection with the sale of goods "which is untrue or misleading." CAL. BUS. & PROF. CODE § 17500.

46.    Plaintiffs Millam and Sprinkel, individually and on behalf of the California Class, have standing to pursue this claim because they suffered injury in fact and have lost money or property as a result of Energizer's actions, as described above.

47.    Energizer engaged in advertising and marketing to the public and offered for sale the Energizer AA MAX batteries in California.

48.    Energizer engaged in the advertising and marketing alleged herein with the intent to directly or indirectly induce the sale of Energizer AA MAX batteries to consumers like Plaintiffs Millam, Sprinkel, and members of the California Class.

49.    Energizer's advertising and marketing representations regarding the AA MAX batteries were false, misleading, and deceptive within the definition, meaning, and construction of California Business & Professions Code §§ 17500, *et seq.* (False Advertising Law).

50.    Energizer's misrepresentations and omissions alleged herein were the type of misrepresentations that are material, *i.e.*, a reasonable person would attach

---

**Class Action Complaint**                                                13

importance to them and would be induced to act on the information in making purchase decisions.

51.     Energizer's misrepresentations and omissions alleged herein are objectively material to a reasonable consumer, and therefore reliance upon such misrepresentations may be presumed as a matter of law.

52.     At the time it made the misrepresentations and omissions alleged herein, Energizer knew or should have known that they were untrue or misleading and acted in violation of California Business and Professions Code §§ 17500, *et seq.*

53.     Unless restrained by this Court, Energizer will continue to engage in untrue and misleading advertising, as alleged above, in violation of California Business & Professions Code §§ 17500, *et seq.*

54.     As a result of Energizer's conduct and actions, Plaintiffs Millam and Sprinkel and each member of the California Class has been injured, has lost money or property, and is entitled to relief. Plaintiffs Millam and Sprinkel seek disgorgement, restitution, injunctive relief, and all other relief permitted under California Business & Professions Code §§ 17500, *et seq.*

**SECOND CLAIM FOR RELIEF**
**Violations of Consumer Legal Remedies Act**
**CAL. CIV. CODE § 1750 et seq.**
***On Behalf of Plaintiffs Millam, Sprinkel, and the California Subclass***

55.     Plaintiffs Millam and Sprinkel, individually and on behalf of the California Subclass, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

56.     Plaintiffs Millam and Sprinkel bring this claim individually and on behalf of the California Subclass against Energizer.

57.     Energizer is a "person" under Cal. Civ. Code § 1761(c).

58.     Plaintiffs Millam, Sprinkel, and the California Subclass members are "consumers" as defined by Cal. Civ. Code § 1761(d), who purchased one or more packages of the Energizer AA MAX batteries. The Consumer Legal Remedies Act

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

("CLRA") prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer[.]" Cal. Civ. Code § 1770(a). Energizer has engaged in unfair or deceptive acts that violated Cal. Civ. Code § 1750, *et seq.*, as described above and below, by representing that the AA MAX batteries had characteristics, uses, benefits, and qualities which they do not have; representing that the AA MAX batteries are of a particular standard, quality, and grade when they are not; advertising the AA MAX batteries with the intent not to sell or lease them as advertised; and representing that the subject of a transaction involving AA MAX batteries has been supplied in accordance with a previous representation when it has not.

59.     In connection with its sale of the Energizer AA MAX batteries to Plaintiffs Millam, Sprinkel, and the California Subclass, Energizer violated the CLRA by:

    a)     Misrepresenting to Plaintiffs Millam, Sprinkel, and the California Subclass that the Energizer AA MAX batteries are up to 50% longer lasting than other competing batteries, when in fact, the AA MAX batteries are not up to 50% longer lasting, in violation of CAL. CIV. CODE §§ 1770(a)(5), (7), (9), and (16);

    b)     Misrepresenting to Plaintiffs Millam, Sprinkel, and the California Subclass that the Energizer AA MAX batteries had sponsorship, approval, characteristics, uses, benefits, or quantities that they did not have, in violation of CAL. CIV. CODE § 1770(a)(5);

    c)     Representing to Plaintiffs Millam, Sprinkel, and the California Subclass that the Energizer AA MAX batteries were of a particular standard, quality, or grade, when they were of another in violation of CAL. CIV. CODE § 1770(a)(7);

**Class Action Complaint**                                                          **15**

d)   Advertising goods to Plaintiffs Millam, Sprinkel, and the California Subclass with the intent not to sell them as advertised, in violation of CAL. CIV. CODE § 1770(a)(9); and

e)   Misrepresenting to Plaintiffs Millam, Sprinkel, and the California Subclass that the subject of a transaction had been supplied in accordance with a previous representation when it had not, in violation of CAL. CIV. CODE § 1770(a)(16).

60.   In addition, under California law, a duty to disclose arises in four circumstances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.

61.   Energizer had a duty to disclose to Plaintiffs Millam, Sprinkel, and the California Subclass that the Energizer AA MAX batteries are not up to 50% longer lasting for the following three independent reasons: (a) Energizer had exclusive knowledge of the information at the time of sale; (b) Energizer actively concealed from Plaintiffs Millam, Sprinkel, and the California Subclass that the Energizer AA MAX batteries are not up to 50% longer lasting; and (c) Energizer made partial representations to Plaintiffs Millam, Sprinkel, and the California subclass regarding the battery life of the Energizer AA MAX batteries.

62.   Energizer violated the CLRA by selling Energizer AA MAX batteries, while concealing that the battery life of the AA MAX batteries is not superior to competing batteries from Plaintiffs Millam, Sprinkel, and the California Subclass.

63.   Energizer's misrepresentations and omissions in violation of the CLRA were likely to mislead an ordinary consumer. Plaintiffs Millam, Sprinkel, and the California Subclass reasonably understood Energizer's representations and omissions

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   to mean that the AA MAX batteries would last up to 50% longer than competing
2   batteries.

3        64.   Energizer's misrepresentations and omissions alleged herein were
4   material in that a reasonable person would attach importance to the information and
5   would be induced to act upon the information in making purchase decisions.

6        65.   Plaintiffs Millam, Sprinkel, and the California Subclass relied to their
7   detriment on Energizer's misrepresentations and omissions in purchasing Energizer
8   AA MAX batteries.

9        66.   Plaintiffs Millam and Sprinkel, on behalf of themselves and the
10  California Subclass, demand judgment against Energizer under the CLRA for
11  declaratory and injunctive relief.

12       67.   Pursuant to Cal. Civ. Code § 1782(a), Plaintiffs Millam and Sprinkel will
13  serve Energizer with notice of its alleged violations of the CLRA by certified mail
14  return receipt requested. If within thirty days after the date of such notification,
15  Energizer fails to provide appropriate relief for its violations of the CLRA, Plaintiffs
16  Millam and Sprinkel reserve the right to amend this Class Action Complaint to seek
17  compensatory and punitive damages under the CLRA.

18       68.   Notwithstanding any other statements in this Complaint, Plaintiffs
19  Millam and Sprinkel do not seek monetary damages in conjunction with their CLRA
20  claim—and will not do so—until this thirty- day period has passed.

21       69.   Plaintiffs Millam and Sprinkel, on behalf of themselves and the
22  California Subclass, further seek an order enjoining Energizer's unfair or deceptive
23  acts or practices, restitution, costs of court, attorneys' fees under Cal. Civ. Code
24  § 1780(e), and any other just and proper relief available under the CLRA.

25
26
27
28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**Class Action Complaint**                                                          **17**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**THIRD CLAIM FOR RELIEF**
**Violations of the California Unfair Competition Law**
**CAL. BUS. & PROF. CODE § 17200** *et seq.*
***On Behalf of Plaintiffs Millam, Sprinkel, and the California Class***

70.     Plaintiffs Millam and Sprinkel, individually and on behalf of the California Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

71.     Plaintiffs Millam and Sprinkel bring this claim individually and on behalf of the California Class against Energizer.

72.     Plaintiffs Millam and Sprinkel have standing to pursue this claim because they have suffered injury in fact and has lost money or property as a result of Energizer's actions as described above. All California Class Members overpaid for the AA MAX batteries due to Energizer's misrepresentations or concealment about the AA MAX's battery life.

73.     Energizer's actions as alleged herein constitute an "unlawful" practice within the definition, meaning, and construction of California's UCL because Energizer violated California's False Advertising Law (Bus. & Prof. Code §§ 17500, *et seq.*) and the CLRA (Civ. Code §§ 1750, *et seq.*).

74.     Energizer's actions as alleged herein constitute a "fraudulent" practice because, by representing that the AA MAX batteries last 50% longer than other competing batteries, Energizer's conduct was likely to deceive consumers. Energizer's failure to disclose these facts constitutes a material omission in violation of the UCL.

75.     Energizer's actions as alleged herein constitute an "unfair" practice because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to Energizer's customers. The harm caused by Energizer's wrongful conduct outweighs any utility of such conduct and has caused—and will continue to cause—substantial injury to Plaintiffs Millam and

Sprinkel and the California Class. Energizer could and should have chosen one of many reasonably available alternatives, including disclosing the actual battery life of the AA MAX batteries as compared to other competing batteries to prospective purchasers. Additionally, Energizer's conduct was "unfair" because it violated the legislatively declared policies reflected by California's strong consumer protection and false advertising laws, including the CLRA, CAL. CIV. CODE §§ 1750 *et seq.*, and the FAL, CAL. BUS. & PROF. CODE §§ 17500 *et seq.*

76.     As a result of Energizer's unlawful, fraudulent, and unfair conduct, Plaintiffs Millam, Sprinkel, and the California Class received an inferior product to that which they were promised. Had Energizer disclosed the actual battery life of the AA MAX batteries, Plaintiffs Millam and Sprinkel and the California Class would not have purchased the AA MAX batteries or would have paid substantially less.

77.     Energizer's wrongful business practices constitute a continuing course of unfair competition because Energizer continues to represent that the AA MAX batteries are "UP TO **50%** LONGER LASTING THAN BASIC AKALINE IN DEMANDING DEVICES," Plaintiffs Millam, Sprinkel, and the California Class therefore seek equitable relief to remedy Energizer's deceptive marketing, advertising, and packaging.

78.     Plaintiffs Millam, Sprinkel, and the California Class also seek an order requiring Energizer to make full restitution of all monies that it has wrongfully obtained from California Class members, as well as all other relief permitted under the UCL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Class and Subclass, request that the Court order the following relief and enter judgment against Energizer as follows:

A.     an Order certifying the proposed Class and Subclass under Fed. R. Civ. Proc. 23;

B.     an Order appointing Plaintiffs to represent the Class and Subclass;

C.     a declaration that Energizer engaged in the illegal conduct alleged herein;

D.     an Order that Energizer be permanently enjoined from its improper activities and conduct described herein;

E.     a Judgment awarding Plaintiffs and the Class and Subclass restitution and disgorgement of all compensation obtained by Energizer from its wrongful conduct;

F.     a Judgment awarding Plaintiffs and the Class and Subclass compensatory damages and punitive damages, where available,  in an amount to be proven at trial;

G.     Prejudgment and post-judgment interest at the maximum allowable rate;

H.     an Order awarding Plaintiffs and the Class and Subclass reasonable litigation expenses, costs, and attorneys' fees;

I.     an Order awarding such other injunctive and declaratory relief as is necessary to protect the interests of Plaintiffs and the Class and Subclass; and

J.     an Order awarding such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury for all claims and issues so triable.

Dated: September 2, 2021                SCHUBERT JONCKHEER & KOLBE LLP
                                        */s/ Alexandra K. Green*_____
                                        ROBERT C. SCHUBERT (S.B.N. 62684)
                                        NOAH M. SCHUBERT (S.B.N. 278696)
                                        ALEXANDRA K. GREEN (S.B.N 333271)
                                        **SCHUBERT  JONCKHEER  &  KOLBE LLP**
                                        Three Embarcadero Center, Suite 1650

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

San Francisco, California 94111
Telephone:   (415) 788-4220
Facsimile:   (415) 788-0161
E-mail:           rschubert@sjk.law
                     nschubert@sjk.law


*Counsel for Plaintiffs*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**Class Action Complaint**                                            **21**